UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

SHARON PETERSON,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

COMPLAINT

Plaintiff, Sharon Peterson, sues Defendant, Carnival Corporation, and alleges:

## A. Case Summary

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line as a result of a fall on a cruise ship.

## B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Louisiana.

    (b) The Defendant is a citizen of the Republic of Panama and the state of Florida, as it is a corporation incorporated under the laws of the Republic of Panama, and its principal place of business is in Florida.

    (c) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Rule 9(h)(1) Designation: Diversity Jurisdiction

3. In addition to falling within the court's diversity jurisdiction, this case also falls within the court's admiralty/maritime jurisdiction and is governed by the general maritime law because the accident happened on a ship sailing in navigable waters and because the ship was engaged in an activity (pleasure cruising) bearing a substantial relationship to

traditional maritime activity. Nevertheless, the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (And although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.)

### D.  Venue

4. The Plaintiff has filed this case here because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida. (The Plaintiff only reluctantly brings this case in federal court: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. § 1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

### E.  One Count of Negligence: Overcrowding

5. On or about December 23, 2024, the Defendant, Carnival Corporation, owned and operated a cruise ship, *Carnival Glory*, that sailed from New Orleans, Louisiana, on an eight-night cruise to the Western Caribbean.

6. The Plaintiff, Sharon Peterson, age 65, and family members, went on that cruise to celebrate Christmas.

7. On or about December 27, 2023, while the *Glory* sailed in navigable waters, Ms. Peterson went to shop on deck 5.

8. That day, for unknown reasons, Carnival had allowed the shopping area on deck 5 to become terribly overcrowded so Ms. Peterson decided to leave, but as she headed for the exit, the crowd shifted and she was shoved from behind and knocked to the ground.

9. When Ms. Peterson fell, she suffered bodily injury to her left lower leg and ankle area.  In summary, when Ms. Peterson fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will continue to suffer these losses in the future.

10. While Ms. Peterson was a guest on Carnival's ship, Carnival owed her a duty of reasonable care.

11. Carnival breached its duty of care to Ms. Peterson when it allowed the area to become severely overcrowded.

12. That breach caused Ms. Peterson to be knocked down.

13. At the time of Ms. Peterson's accident, the Defendant, through its employees, was well aware this area was overcrowded, as several employees were present in and around the area.

14. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000.00 in damages, and costs, and the Plaintiff respectfully requests a jury trial.

### F. Request for Jury Trial

The Plaintiff respectfully demands a jury trial.

Dated: December 20, 2024

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
ndorvak@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Sharon Peterson